**AFFIDAVIT IN SUPPORT OF AN**
**APLLICATION FOR A CRIMINAL COMPLAINT**

I, Michael Battaglia being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Damien MCCASTLE with violations of Title 21, United States Code, U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled Substance.

2. I am a Special Agent of Homeland Security Investigations (HSI), United States Department of Homeland Security, and am hereinafter referred to as Affiant.

3. I have been a Special Agent with HSI since September 2020 and am currently assigned to the Cleveland Field Office. Since September 2024, I have been assigned to the Summit Stark Narcotics Interdiction Team (SSNIT), primarily operating in Akron, Ohio. As such, I am an "investigative or a law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7): that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 801, et sec., and Title 18 United States code, Section 2516.

4. I have participated in numerous narcotics investigations during the course of which I have conducted physical surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers. Through my training, education, and experience (including conducting surveillance on numerous occasions of individuals engaged in drug trafficking), I have become familiar with the manner of which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is

laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement.

5. By virtue of my training and experience, I have become familiar with the methods used by drug traffickers to import, transport, collect, store, safeguard, remit, and/or launder drug proceeds; the methods used by drug traffickers to obtain and utilize multiple telephone, pagers, computers, and other devices in order to communicate with each other; and the jargon and/or codes commonly used when drug traffickers refer to drugs and/or proceeds.

6. Through investigation, training, and monitoring of Title III intercepts, I have become familiar with the manner in which drug traffickers conduct their illegal business and the methods, language, and terms that are used to disguise conversations about drug trafficking. From experience and training, I have learned, among other things, that drug traffickers rarely refer to cocaine, fentanyl, heroin, methamphetamine, or other illegal drugs by name; instead, to conceal the true nature of their illegal activities and to thwart detection by law enforcement, they refer to the drugs and drug quantities using seemingly innocent terms.

7. Since this affidavit is being submitted for the limited purpose of establishing probable cause authorizing the arrest of Damien MCCASTLE, I have not included each and every fact and circumstance of which I am aware. I have set forth only those facts which I believe are necessary to establish such probable cause.

## PROBABLE CAUSE

8. On or about September 4, 2026, a Summit County Sheriff's Office Deputy traffic-stopped Damien MCCASTLE at 200 West Montrose Avenue in Copley, Ohio. MCCASTLE was the sole occupant of the vehicle. During the traffic stop, a certified narcotics detection canine alerted to the presence of a narcotic odor emanating from MCCASTLE's vehicle. A subsequent

probable cause search of the vehicle revealed a duffle bag in the trunk containing three packages weighing approximately 3,000 grams total. Investigators field-tested one of the packages. One of them field-tested positive for cocaine, a Schedule II controlled substance.

9. MCCASTLE was observed on Radisson Inn video surveillance possessing the duffle bag that was found in the trunk containing the 3,000 grams of cocaine.

**CONCLUSION**

10. Based upon the information provided within this affidavit, I believed that probable cause has been shown that, on or about September 4, 2026, in the Northern District of Ohio, Damien MCCASTLE violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled Substance.

Michael Battaglia
Special Agent
Homeland Security Investigations

Sworn to via telephone after submission
by reliable electronic means.
Fed. R. Crim. P. 3, 4(d), and 4.1.

Carmen Henderson
CARMEN E. HENDERSON
UNITED STATES MAGISTRATE JUDGE